# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LAMONT CAMPFIELD, | : | |
| *Plaintiff,* | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 2:18-cv-03696-CDJ |
| DETECTIVE RAYMOND DOUGHERTY, | : | |
| *et al.,* | : | |
| *Defendants.* | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of Motion to Dismiss filed on behalf of Defendants Hugh Colihan, Ann Ponterio, and the Philadelphia District Attorney's Office's, and all papers submitted in support thereof and in opposition thereto, it is hereby ORDERED that the motion is GRANTED. Plaintiff's Complaint against the above-named defendants is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6).

By the Court:

_____
C. DARNELL JONES, II, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LAMONT CAMPFIELD, | : | |
| *Plaintiff,* | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 2:18-cv-03696-CDJ |
| DETECTIVE RAYMOND DOUGHERTY, *et al.*, | : | |
| *Defendants.* | : | |
| | : | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## ON BEHALF OF DEFENDANTS HUGH COLIHAN, ANN PONTERIO, AND THE
## PHILADELPHIA DISTRICT ATTORNEY'S OFFICE

Defendants Hugh Colihan, Ann Ponterio, and the Philadelphia District Attorney's Office move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth more fully in the accompanying memorandum of law, which is incorporated by reference herein, *see* Local Rule 7.1, the Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/

_____

Benjamin T. Jackal
Assistant District Attorney
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
benjamin.jackal@phila.gov
(215) 686-5714

*Counsel for DAO Defendants*

Date: September 20, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                                      |   |                      |
|--------------------------------------|---|----------------------|
| LAMONT CAMPFIELD,                    | : |                      |
|              *Plaintiff,*            | : |                      |
|                                      | : | CIVIL ACTION         |
|     v.                               | : |                      |
|                                      | : | No. 2:18-cv-03696-CDJ |
| DETECTIVE RAYMOND DOUGHERTY, *et*    | : |                      |
| *al.*,                               | : |                      |
|              *Defendants.*           | : |                      |
|                                      | : |                      |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS FILED ON BEHALF OF DEFENDANTS HUGH COLIHAN, ANN PONTERIO, AND THE PHILADELPHIA DISTRICT ATTORNEY'S OFFICE**

Plaintiff Lamont Campfield alleges defendants assistant district attorneys Hugh Colihan and Ann Ponterio and the Philadelphia District Attorney's Office (collectively "DAO Defendants") violated his constitutional rights in 1992 while prosecuting him for murder. His claims cannot prevail because he has not obtained favorable termination of the criminal case he seeks to challenge through this civil rights action; his false-arrest claim is barred by the statute of limitations; DAO Defendants are entitled to absolute prosecutorial immunity; the DAO is not an entity capable of being sued under Section 1983; he sets forth insufficient facts in the complaint to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); and the criminal statute on which he attempts to rely does not create a private cause of action. Accordingly, Plaintiff's complaint should be dismissed with prejudice.

I.     **BACKGROUND**

On November 17, 2011, Plaintiff filed this action in the Court of Common Pleas of Philadelphia County, Pennsylvania. *See* Civil Cover Sheet (ECF No. 1, 9–10). On August 9, 2018, after, *inter alia*, this action was reactivated from deferred status, the Philadelphia District

Attorney's Office was served. *See* Notice Removal (ECF No. 1, 1–7). On August 29, 2018, Defendant Philadelphia Police Department removed this action to the United States District Court for the Eastern District of Pennsylvania. *See* Notice Removal (ECF No. 1, 1–7).[1]

A jury found Plaintiff guilty of murder in 1992. *See Commonwealth v. Campfield*, 00651 PHL 96 (Pa. Super. Sept. 29, 1997) (memorandum opinion, attached as Exhibit A); *Commonwealth v. Campfield*, 2158 EDA 2012 (Pa. Super. Apr. 24, 2013) (memorandum opinion, attached as Exhibit B).[2] He alleges he is innocent of that crime (ECF No. 1, Complaint ¶ 16). With respect to the DAO Defendants, Plaintiff claims that, during his trial, ADA Colihan incorrectly stated that Plaintiff possessed a gun at the time of his arrest (ECF No. 1, Complaint ¶ 19). He alleges that unnamed prosecutors knew that witnesses provided false statements and failed to disclose that fact to the defense (ECF No. 1, Complaint ¶ 22). Plaintiff claims the District Attorney's Office "failed to investigate the tactics of their employees" and improperly allowed police officers to "use force and coercion to support" his arrest and conviction (ECF No. 1, Complaint ¶ 20). He alleges that all of the defendants engaged in a conspiracy to deprive him of

---

[1]     Pursuant to Fed.R.Civ.P. 81(c)(2)(C), the DAO Defendants had seven days from the date of notice of removal, or until September 5, 2018, to file their response to Plaintiff's complaint. The DAO Defendants have filed a *nunc pro tunc* request for an extension of this deadline until September 21, 2018, pursuant to Fed.R.Civ.P. 12(b)(1)(B).

[2]     This Court may consider public records, such as judicial opinions, in ruling on a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (in ruling on motion to dismiss, court may rely on complaint, attachments to complaint, public records, and undisputedly authentic documents if the complainant's claims are based upon these documents); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999) (in deciding motion to dismiss, district court may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity); *see also Professional Dog Breeders Advisory Council, Inc. v. Wolff,* 752 F.Supp.2d 575, (E.D. Pa. 2010) (Jones, J.) (kennel inspection reports that were available online could be considered on motion to dismiss without converting motion to one for summary judgment, in action brought against state government officials regarding those inspections).

his constitutional rights and committed official oppression in violation of 18 Pa.C.S. § 5310 (ECF No. 1, Complaint ¶¶ 30–31, 32–33). Plaintiff does not make any factual allegation with respect to ADA Ponterio.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## **ARGUMENT**

## **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

Although Plaintiff does not specify any particular cause of action in his complaint, his assertion that he was tried and convicted without probable cause appears to raise claims of false arrest and malicious prosecution (ECF No. 1, Compl. ¶¶ 13–20). Furthermore, because his complaint alleges that the Defendants acted under color of state law to deprive him of his

3

constitutional rights, it may be construed as a claim under 42 U.S.C. § 1983. *E.g.*, *Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) (*per curiam*).

### A.     Plaintiff's Claims are Barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

As a threshold matter, because Plaintiff is currently still serving a life sentence for the underlying murder conviction he now seeks to invalidate, his cause of action has not accrued:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486–87, 489–90 (1994). Moreover, where "a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Id.* at 487. The rule applies with equal force to circumstances where a plaintiff seeks injunctive relief in order to challenge his conviction.

The Third Circuit has also adopted the favorable-termination rule as a requirement for substantive relief for claims of malicious prosecution brought under Section 1983. *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir. 1988) (adopting the common law test for malicious prosecution); *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989).

Here, Plaintiff is serving a life sentence that resulted from the conviction he seeks to challenge. The Pennsylvania Superior Court affirmed his judgments of sentence on direct appeal in 1997. *Commonwealth v. Campfield*, 00651 PHL 96 (Pa. Super. Sept. 29, 1997) (memorandum opinion, attached as Exhibit A). Pennsylvania courts have repeatedly denied Plaintiff's petitions for collateral relief. *See, e.g.*, *Commonwealth v. Campfield*, 2158 EDA 2012 (Pa. Super. Apr. 24,

2013) (memorandum opinion, attached as Exhibit B) (affirming the dismissal of Plaintiff's fifth petition under Pennsylvania's Post Conviction Relief Act). He acknowledges that he is still serving a sentence that resulted from that conviction (ECF No. 1, Complaint ¶ 17). Thus, Plaintiff cannot meet his burden under *Heck* of pleading that he has obtained favorable termination of his underlying conviction.

Moreover, the allegations Plaintiff raises in his complaint—including that the prosecution withheld its knowledge that witnesses had provided false statements (Compl. ¶¶ 22, 23, 38(c))—fall squarely within the category of claims barred by *Heck. See Skinner v. Switzer*, 562 U.S. 521, 536–37 (2011) ("[A] *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction . . . . Accordingly, *Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."), citing *Heck*, 512 U.S. at 479, 490. Indeed, Plaintiff demands a hearing be held to address his claim that he was arrested and convicted without probable cause (ECF No. 1, Compl., 18). Because Plaintiff has not obtained favorable termination of the criminal proceedings and his allegations would necessarily demonstrate the invalidity of his sentence, his claims are barred under *Heck* and should be dismissed.

### B.   Plaintiff's False Imprisonment Claim is Barred Under the Statute of Limitations.

The applicable statute of limitations in federal civil rights cases is the forum state's limitations period for personal injury claims, *Bush v. City of Phila. Police Dep't*, 684 F. Supp. 2d 634, 637 (E.D. Pa. 2010), which, in Pennsylvania, is two years. *See Rose v. Bartle*, 871 F.2d 331, 347 n.13 (3d Cir. 1989). "A claim accrues in a federal cause of action as soon as a potential claimant is aware, or should be aware, of the existence of and source of an injury." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994). The statute of limitations for a Section 1983 claim seeking damages for false arrest in violation of Fourth Amendment begins

to run at the time the plaintiff is detained pursuant to a legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Here, to the extent Plaintiff's complaint could be construed as a claim of false imprisonment,[3] it is barred under the statute of limitations. Plaintiff filed the complaint on November 17, 2011, more than nineteen years after a jury found him guilty of murder. Accordingly, any claim of false arrest or imprisonment would be barred under the statute of limitations. *Bougher v. University of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989) ("Because [plaintiff] failed to allege any unlawful acts actionable under section 1983 during the two year period prior to filing this complaint, . . . she fails to state a cause of action under section 1983.").

**C.     Plaintiff Fails to Allege Facts Sufficient to Establish DAO Defendants' Liability Under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).**

Plaintiff fails to establish a municipal liability claim against the District Attorney's Office pursuant to *Monell*, 436 U.S. 658 (1978). Under *Monell*, a municipal entity can be held liable for constitutional violations allegedly committed by employees of the entity only "when execution of a government's policy or custom . . . inflicts the injury." *Id.* at 694. To establish liability in this case, Plaintiff must demonstrate that the alleged actions of which he complains were the "unconstitutional implement[ation] or execut[ion] of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. Moreover, Plaintiff must prove not only that a custom or policy led to a constitutional violation, but also that the custom or policy caused the injury at issue. *Id.* at 694; *see Kentucky v. Graham*, 473 U.S. 159,

---

[3]     For the purposes of the statute of limitations, the Third Circuit has held that a malicious prosecution claim "does not accrue" until a defendant obtains favorable termination of the criminal conviction. *Rose*, 871 F.2d at 349–50. By contrast, a claim of false arrest/imprisonment accrues on the date that a plaintiff is arrested. *Id.*

166 (1985) ("[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation, . . . thus, in an official-capacity suit, the entity's 'policy' or 'custom' must have played a part in the violation of federal law."). Here, Plaintiff has failed to state any facts to support a claim that a policy or custom led to the alleged deprivation of his constitutional rights, nor would he be able to if permitted to amend.

Furthermore, Plaintiff purports to sue Defendants ADA Colihan and ADA Ponterio in their official capacities. *See* Compl. ¶ 16 (alleging defendants were "acting within the scope of their authority [and] within the course of their employment"); *id.* ¶ 17 (defendants were "acting within the scope of their authority"); ¶ 30 (defendants "acted in their official capacity"); *id.* ¶ 38 (same). This is another form of attempting to establish the DAO's liability. *See Graham*, 473 U.S. at 165 (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.") (quoting *Monell*, 436 U.S. at 690 n.55). Thus, Plaintiff's official capacity claims should be dismissed because they are duplicative. *See K.S.S. v. Montgomery County Bd. Of Com'rs*, 871 F.Supp. 2d 389, 396 (E.D.Pa. 2012) (dismissing claims against county commissioners in their official capacity); *Estate of Tyler ex rel. Floyd v. Grossman*, 108 F.Supp. 3d 279, 289 (E.D.Pa. 2015) (dismissing official capacity claims against Philadelphia Assistant District Attorneys).

Plaintiff's official capacity claims also fail because the assistant district attorneys named in this suit were not policymakers for the District Attorney's Office and, thus, their conduct could not form the basis of a municipal liability claim against the Office. "The Supreme Court has clearly stated that only those municipal officers and employees who have final policymaking authority can subject their municipal employers to §1983 liability." *Kis v. County of Schuylkill*, 866 F.Supp. 1462, 1479 (E.D. Pa. 1994) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)). Under

Pennsylvania law, only the District Attorney has policymaking authority for the District Attorney's Office; assistant district attorneys are not policymakers. *Payson v. Ryan*, Civ. A. No. 90-1873, 1992 WL 111341, at * 11 (E.D. Pa. May 14, 1992), *aff'd*, 983 F.2d 1051 (3d Cir. 1992).

### D.    The DAO Defendants Are Entitled to Immunity.

If Plaintiff's complaint could be construed as alleging that ADA Colihan and ADA Ponterio are liable in their individual capacities, the claims could not succeed because the prosecutors would be entitled to absolute immunity. It is well-settled that a prosecutor is entitled to absolute immunity from a civil suit for damages under Section 1983 for any actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Whitfield v. City of Philadelphia, et al.*, 587 F.Supp.2d 657, 665 (E.D. Pa. 2008) ("[I]ndividual prosecutors are entitled to absolute immunity from Section 1983 liability for any action performed pursuant to their judicial or quasi-judicial function as advocates for the state."). A district attorney exercises a prosecutorial function when his or her actions "necessarily require legal knowledge and the exercise of related discretion." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Thus, the Supreme Court has held that a prosecutor is absolutely immune from suit for their conduct in "initiating a prosecution and in presenting the State's case," *Imbler*, 424 U.S. at 431, for preparing a warrant application and presenting evidence at a probable cause hearing, *Burns v. Reed*, 500 U.S. 478, 492–93 (1991), and "for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings," *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *see Gause v. Haile*, 559 F. App'x 196, 198 (3d Cir. 2014) ("[A] prosecutor is immune from damages in a § 1983 action for [his or her] initiation of a prosecution and presentation of a state's case.").

Here, Plaintiff's complaint does not refer to ADA Ponterio, aside from the caption of the case and the introductory paragraphs (Compl., ¶¶ 10, 13). Because he fails to allege any facts that could support a cognizable theory of liability, his complaint with respect to ADA Ponterio must be dismissed for this reason alone. *Iqbal*, 566 U.S. at 678; *Twobly*, 550 U.S. at 570. Plaintiff should not be permitted to amend his complaint and assert that ADA Ponterio participated in the purported wrongful prosecution because the prosecutor would be entitled to absolute immunity for any such alleged conduct. *Imbler*, 424 U.S. at 431; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (amendment of a complaint considered futile when "it would fail to state a claim upon which relief could be granted."); *accord Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (amendment is futile "if [it] will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

Plaintiff alleges that Defendant Colihan incorrectly stated at trial that Plaintiff possessed a gun at the time of his arrest. This allegation involves Mr. Colihan's presentation of evidence in court and, therefore, falls squarely within his quasi-judicial, prosecutorial function. Thus, to the extent Plaintiff alleges individual capacity claims against Mr. Colihan based upon his involvement in Plaintiff's criminal prosecution, that claim is barred by absolute prosecutorial immunity. *See Clark v. Vernon*, 228 Fed.Appx. 128, 131 (3d Cir. 2007) ("Prosecutors sued for malicious prosecution under § 1983 enjoy absolute immunity for their conduct in 'initiating a prosecution and in presenting the State's case.'") (quoting *Imbler*, 424 U.S. at 431).

Furthermore, a claim against the District Attorney's Office is also barred under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, which shields local agencies and municipalities from liability "for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." *Id.*

9

The act does not waive the immunity of municipalities or local agencies for intentional or even malicious torts. *See, e.g.*, *Williams v. City of Chester*, No. 14-4420, 2015 WL 224384, at *3 (E.D. Pa. Jan. 15, 2015) ("By its terms, the exception [for intentional torts] does not abrogate a municipality's grant of immunity set forth in § 8541.").

      **E.**      **Section 5301 of the Pennsylvania Crimes Code Does Not Create a Private Cause of Action.**

Plaintiff's attempt to establish liability on the basis of 18 Pa.C.S. § 5301 is unavailing. Under the Pennsylvania Crimes Code, a person commits a misdemeanor of the second degree if he either "(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or (2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity," knowing that his conduct is illegal and while acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity. 18 Pa.C.S. § 5301. However, the Pennsylvania Superior Court has held that Section 5301 does not create a private cause of action. *See D'Errico v. DeFazio*, 763 A.2d 424, 430 (Pa. Super. 2000) (concluding that although litigants may have a civil claim based on the same conduct that violates Section 5301, the statute does not create an independent, private cause of action); *see also Agresta v. Goode*, 797 F. Supp. 399, 409 (E.D. Pa. 1992) (declining to hold that Section 5301 creates a private cause of action). Accordingly, the statute cannot provide a basis to hold the DAO Defendants liable.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff has failed to state claims upon which relief can be granted. Accordingly, Defendants Hugh Colihan, Ann Ponterio, and the Philadelphia District Attorney's Office respectfully request that Plaintiff's complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

/s/
_____
Benjamin T. Jackal
Assistant District Attorney
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
benjamin.jackal@phila.gov
(215) 686-5714

*Counsel for DAO Defendants*

Date: September 20, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LAMONT CAMPFIELD, | : | |
| *Plaintiff,* | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 2:18-cv-03696-CDJ |
| DETECTIVE RAYMOND DOUGHERTY, *et al.*, | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of September, I caused to be served upon all counsel of record a true and correct copy of the foregoing document via this Court's electronic filing system, and upon Plaintiff, Lamont Campfield, by first-class mail at State Correctional Institution—Huntingdon, inmate number DE-7873, 1100 Pike Street, Huntingdon, PA 16654.


/s/

_____
Benjamin T. Jackal
Assistant District Attorney

Exhibit A

J.A33007.97

*704 A2d 1115*

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                             :       PENNSYLVANIA
        vs.              :
                             :

LAMONT CAMPFIELD,          :

          Appellant    :    00651 PHL 96

Appeal from the JUDGMENT OF SENTENCE February 19, 1996
In the Court of Common Pleas of PHILADELPHIA County
CRIMINAL

NO. 9106 3042 3049

BEFORE:  KELLY, JOHNSON, HOFFMAN, JJ.

MEMORANDUM:                       **FILED**   SEP 2 9 1997

       This is an appeal from a February 19, 1996 judgment of
sentence for second degree murder[1] and related offenses.
Appellant, Lamont Campfield, presents the following issues for our
review:

     I. THE VERDICT WAS AGAINST THE WEIGHT OF THE
     EVIDENCE.

     II. THE PROSECUTOR ENGAGED IN A PATTERN OF
     PROSECUTORIAL MISCONDUCT WHICH PERMEATED
     THROUGH THE ENTIRE TRIAL, THE CUMULATIVE
     EFFECT OF WHICH PREJUDICED APPELLANT AND
     DENIED HIM A FAIR TRIAL.

     III. THE TRIAL COURT, AT THE PRELIMINARY
     HEARING, ERRED IN DENYING APPELLANT'S REQUEST
     FOR A LINE-UP.

     IV. THE TRIAL COURT ERRED IN FAILING TO
     INSTRUCT THE JURY OF A COMPLETE <u>KLOIBER</u> CHARGE
     IN THAT THE OPPORTUNITY FOR A POSITIVE
     IDENTIFICATION WAS NOT GOOD.

     V. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING
     TO REQUEST A CAUTIONARY INSTRUCTION WHERE THE
     OPPORTUNITY FOR POSITIVE IDENTIFICATION WAS
     NOT GOOD.

     VI. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING

---

[1] 18 Pa. C.S. § 2501.

J.A33007.97

> TO INVESTIGATE THE LOCATION OF THE CAR
> IDENTIFIED AS APPELLANT'S AND LEAVING THE
> SCENE OF THE CRIME.
>
> VII. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING
> TO INVESTIGATE, INTERVIEW OR SUBPOENA "ACTION
> NEWS" REPORTER LUCY YANG REGARDING HER
> INTERVIEW OF THE ONLY EYEWITNESS TO THE CRIME.

See Appellant's Brief, Table of Contents.[2]

The trial court recited the facts of the instant case as follows:

> On May 15, 1991 at about 2:30 A.M.,
> [appellant] and two friends were engaged in
> consuming drugs. One or two trips were made
> out of the house to purchase more drugs.
> After these purchases, they ran short of money
> and they also ran out of cigarettes.
> [Appellant] volunteered to go out and get more
> cigarettes and he left the house, carrying
> with him a hand-gun. [Appellant] went to a
> store at 2512 Ridge Avenue in the City and
> County of Philadelphia which was in the
> process of closing at that time. The store
> was owned by Kam Shing Yeung, a 40 year old
> man. Also at closing time was Kam Yeung Siu,
> the wife of the proprietor and their eight
> month old baby which she was carrying in a []
> back-pack. As soon as [appellant] entered the
> store, he struck the woman in the face twice
> with this gun and she, along with the baby,
> fell to the floor. [Appellant] then turned
> and shot the owner in the course of committing
> a robbery of the store.

Trial Court Opinion at 1-2. Appellant was subsequently arrested and charged with murder, robbery, recklessly endangering another person, simple assault, and possessing an instrument of crime. On

---

[2] We note that appellant's brief does not contain of Statement of Questions Presented, as required by Pa. R.A.P. 2111 and 2116. We will, nevertheless, address the merits of the appeal. See Commonwealth v. Clinton 683 A.2d 1236 (1996) (issues not presented in statement of questions involved are generally deemed waived but Court may overlook the defect when defendant raises the questions involved in some other portion of his brief). Additionally, we have renumbered appellant's issues for purposes of this appeal.

J.A33007.97

April 28, 1992, after a jury trial, appellant was found guilty of the charges. Appellant's post-verdict motions were denied, and on February 19, 1996, appellant was sentenced to life imprisonment. This timely appeal followed.

Appellant first claims that the verdict was against the weight of the evidence.

An allegation that a verdict is against the weight of the evidence is a matter to be resolved by the trial court, and appellate review of a trial court's decision is limited to determining whether the trial court has palpably abused its discretion.[3] Commonwealth v. Brown, 538 Pa. 410, 648 A.2d 1177 (1994). Furthermore, a verdict will be found to be against the weight of the evidence only when it appears from the record that the fact finder's verdict was so contrary to the evidence as to shock one's sense of justice. Commonwealth v. Parker, 387 Pa. Super. 415, 422, 564 A.2d 246, 250 (1989). See also Pronkoskie, supra (guilty verdict may not be based upon surmise or conjecture). Finally, issues of credibility are for the trier of fact, who is free to believe all, part, or none of the witness testimony. Commonwealth v. Russell, 445 Pa. Super. 510, 526, 665 A.2d 1239, 1246 (1995).

---

[3] Furthermore, our Supreme Court has stated that:
> On appellate review of a criminal conviction, we will not weigh the evidence and thereby substitute our judgment for that of the finder of fact. To do so would require an assessment of the credibility of the testimony and that is clearly not our function.

Commonwealth v. Pronkoskie, 498 Pa. 245, ___, 445 A.2d 103, 1206 (1982).

J.A33007.97

At trial, the Commonwealth presented the victim's wife, Kam Yeung, who testified, through an interpreter, that on May 15, 1991, she and her husband were closing their store when appellant rushed into the store holding a gun. N.T. 4/21/92 at 36. Next, Yeung testified that appellant moved past her husband, entered the kitchen area where she was standing, and hit her in the head with his gun while attempting to retrieve money from the cash register. Id. at 39-41. After appellant left the kitchen area with the money, Yeung heard gunshots and immediately closed and locked the kitchen door. Appellant then reentered the store, attempted to push open the kitchen door, and then left. Id. at 41-43. Finally, Yeung testified that her husband died shortly thereafter. Additionally, Mrs. Yeung identified appellant from a photo array approximately eight days after the murder, and then again at appellant's preliminary hearing. Id. at 48-49; N.T. 6/19/91 at 16.[4]

As the record supports the jury's determination that appellant was the individual who shot the victim, we do not find the verdict to be against the weight of the evidence or such that it shocks one's sense of justice. Brown, supra; Parker, supra. See also Commonwealth v. Mercado, 437 Pa. Super. 228, 649 A.2d 946

---

[4] Additionally, several witness indicated in their statements to the police that they were smoking cocaine with appellant in a house at 2521 West Montgomery Avenue, near the Yeung's store, that appellant volunteered to go to the "Chinese store," for cigarettes and then left the house, with a gun in his pants, shortly before the time of the murder. Furthermore, the witnesses stated that they heard gunfire about fifteen minutes after appellant left the house, and that appellant returned shortly afterward.

J.A33007.97

(1994) (mere inconsistencies in witness testimony are not enough to destroy the Commonwealth's case, as it is the fact finder's function to resolve inconsistencies). Accordingly, we dismiss this claim.[5]

Appellant next claims that the prosecutor engaged in misconduct. Specifically, appellant challenges remarks made by the prosecutor in his opening statement.[6]

Whether a prosecutor's remarks warrant a new trial is determined by examining whether the unavoidable effect of the contested comments was to prejudice the jury, forming in their

---

[5] In his sparse argument devoted to this issue, appellant argues that "it is clear from the record," that Mrs. Yeung's identification is flawed. Appellant's Brief at 15. However, appellant fails to cite to specific portions of the trial transcript to support his argument, in violation of Pa. R.A.P. 2119(c) (if reference is made to any matter appearing in the record, the argument must set forth a reference to the place in the record where the matter referred to appears).

[6] Additionally, appellant alleges other acts of prosecutorial misconduct, including prejudicial comments and evidentiary violations. However, appellant has failed to substantiate his claims with argument or citation to pertinent legal authority or specific portions of the trial transcript. See Pa.R.A.P. 2111; 2119(b),(c); Commonwealth v. LaCava, 542 Pa. 160, 666 A.2d 221 (1995) (appellant's failure, in his brief, to separately address each claim of prosecutorial misconduct, or show how these statements deprived him of a fair trial, results in waiver of consideration of claim). Furthermore, the portions of the record appellant does reference do not support his claim of prosecutorial misconduct; rather, they indicate that the trial court sustained defense objections to the prosecutor's questions, and later instructed the jury that where an objection is sustained, there is no evidence for them to consider. N.T. 4/15/92 at 8. Thus, we find that appellant has failed to establish prosecutorial misconduct or that he received an unfair trial on these grounds. See Commonwealth v. Rivers, ___ Pa. ___, 644 A.2d 710 (a prosecutor's persistence in attempting to introduce testimony that court has ruled inadmissible does not constitute prosecutorial misconduct). See also LaCava, supra (attorney's statements and questions at trial are not evidence).

J.A33007.97

minds fixed bias and hostility toward the defendant so that they could not objectively weigh the evidence.[7] Commonwealth v. Simmons, 541 Pa. 211, 246, 662 A.2d 621, 639 (1995). A prosecutor is permitted wide latitude in making argument to the jury, and is allowed a certain degree of oratorical flair, license and passion. Commonwealth v. Reid, 537 Pa. 167, 642 A.2d 453 (1994).

> Here, in his opening statement, the prosecutor stated:

>> Our evidence is this[,] Defendant volunteered he will go, and when he left the house he was arrested with a handgun in his waist. That is how the activity will be shown to you that happened at that time. One the innocent activity of people wrapping up a long day's work, the other activities of people trying to satisfy a never ending hope to satisfy an appetite for cocaine.

N.T. 4/15/92 at 17. Our review of the record reveals that the prosecutor did not exceed the bounds of reasonable advocacy, and furthermore, that the evidence supported the prosecutor's opening statement. See Commonwealth v. Carter, 537 Pa. 233, 643 A.2d 61 (1994) (a prosecutor's remarks fall within the ambit of fair comment if they are supported by evidence and contain inferences which are reasonably derived from that evidence; prosecutor's comments regarding defendant's drug use proper where the trial record, including defendant's own testimony, contained references to his drug activity). Finally, prior to opening statements, the trial court instructed the jury that the statements of counsel are

---

[7] Furthermore, because emphasis, tone of voice, and the jury's reaction influence this determination, the trial court must first rule upon the comments, and an appellant court is limited to reviewing whether the trial court abused its discretion. Commonwealth v. Palmer, 315 Pa. Super. 601, 462 A.2d 755 (1983).

J.A33007.97

not evidence, N.T. 4/15/92 at 8, and upon defense counsel's objection during the prosecutor's opening, the trial court again cautioned the jury that "opening addresses are just that, they are not evidence." Id. at 17. See LaCava, supra (juries are presumed to follow the trial court's instructions). Accordingly, we dismiss this claim.

Appellant's next two claims challenge Mrs. Yeung's identification. Therefore, we will address them together.

Appellant argues that the trial court erred in denying his request for a line-up and in failing to give the jury a Kloiber charge.

The decision to grant a request for a lineup is within the sound discretion of the trial court, whose decision will not be disturbed absent an abuse thereof. Commonwealth v. Blassingle, 398 Pa. Super. 379, 581 A.2d 183 (1990)(defendant was not entitled to a lineup where identification of defendant in a photographic array and at trial was reliable because of ample period of time in which to observe defendant, and close proximity of defendant at time of robbery). See also Commonwealth v. Smith, 518 Pa. 15, 540 A.2d 246 (1988) (trial court did not abuse its discretion in refusing defendant's request for a lineup where the witness observed defendant at close range and later identified him from a photo array).

A Kloiber charge is a warning to the jury that the testimony as to identity must be received with caution. Furthermore, such a charge is appropriate only where "the witness is not in a position to clearly observe the assailant or [she] is

not positive as to identity, or [her] positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions." Commonwealth v. Kloiber, 378 Pa. 412, ___, 106 A.2d 820, 827 (1954). See Commonwealth v. Phillips, 411 Pa. Super. 329, 601 A.2d 816 (1992) (where eyewitness observed defendant at close range while being pistol whipped, no Kloiber charge was warranted).

Here, as previously discussed, the victim's wife, Kam Yeung, testified that appellant was the man who entered her store and shot her husband. Furthermore, Yeung identified appellant from a photo array, at the preliminary hearing, and at trial. Therefore, given Mrs. Yeung's eyewitness observation and close proximity to appellant at the time of the crime, we find that the trial court did not abuse its discretion in refusing to grant appellant's request for a lineup or for failing to give the jury a Kloiber instruction. Accordingly, we dismiss these claims.

Finally, appellant claims that trial counsel was ineffective on several grounds. However, appellant has failed to provide for our review the transcript of the February, 1996 hearing held on appellant's ineffective assistance claims.[8] See Pa. R.A.P. 1911 (appellant shall order any transcript required; if appellant fails to take action required by the rules, an appellate court may take any action it deems appropriate, including dismissing the appeal); Commonwealth v. Muntz, 428 Pa. Super. 99, 630 A.2d 51 (1993) (appellant has responsibility to offer complete

---

[8] Additionally, appellant makes no reference to the hearing in his brief.

J.A33007.97

record for purposes of appellate review and claim is considered waived if dependent upon materials not provided in the certified record); Commonwealth v. Osellanie, 408 Pa. Super. 472, 597 A.2d 130 (1991) (defendant waived issue alleging improper prosecutorial remarks where defendant failed to provide trial transcript; it is not the responsibility of the Superior Court to obtain copy of transcripts for purposes of reviewing defendant's claims).

Furthermore, we note that appellant's brief contains no substantial argument in support of his claims of ineffective assistance of counsel, as appellant fails to cite to pertinent legal authority or to the notes of trial testimony. See Mercado, supra (issue waived where not developed in argument section of brief); Commonwealth v. Lukitisch, 451 Pa. Super. 500, 680 A.2d 877 (1996)(issue as to which defendant developed no argument and cited no authority was waived); Commonwealth v. Rodgers, 413 Pa. Super. 498, 605 A.2d 1228 (1992) (argument portion of appellate brief must include pertinent discussion of particular point raised along with citation to pertinent authorities). Thus, for the above reasons, we find that appellant has waived these claims.[9] Accordingly, we dismiss these claims

---

[9] Moreover, our independent review of the certified record reveals no support for appellant's contentions that trial counsel was ineffective, or that appellant was prejudiced or denied a fair trial as a result of trial counsel's actions. See Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987)(trial counsel is presumed to be effective and the burden of proving ineffectiveness rests on appellant).

J.A33007.97

and affirm the judgment of sentence.

Judgment of sentence affirmed.

Affirmed.

Exhibit B

J-S09006-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMONT CAMPFIELD, | |
| Appellant | No. 2158 EDA 2012 |

Appeal from the PCRA Order July 5, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0630421-1991

BEFORE:  STEVENS, P.J., BOWES, J., and FITZGERALD, J.[*]

MEMORANDUM BY STEVENS, P.J.              **FILED APRIL 24, 2013**

This is an appeal from the order entered in the Court of Common Pleas of Philadelphia County dismissing Appellant's fifth Post Conviction Relief Act ("PCRA")[1] petition for reasons of untimeliness.  Appellant contends that the PCRA court erroneously dismissed his petition without an evidentiary hearing when his invocation of an after-recognized constitutional right qualified as an exception to the PCRA time-bar.  We affirm.

On April 28, 1992, Appellant was convicted by a jury of second degree murder, robbery, simple assault, recklessly endangering another person, and possessing an instrument of crime for shooting a store owner and assaulting

_____

[*] Former Justice specially assigned to the Superior Court.
[1]  42 Pa.C.S.A. §§ 9541-9545.

the owner's wife and eight month old baby during a robbery.  On February 14, 1996,[2] Appellant was sentenced to an aggregate term of life imprisonment.  This Court affirmed judgment of sentence on September 29, 1997. ***Commonwealth v. Campfield***, 704 A.2d 1115 (Pa. Super. 1997) (unpublished memorandum).  It appears that Appellant did not seek allowance of appeal from the Supreme Court of Pennsylvania in a timely manner.

Appellant filed the present PCRA petition, his fifth, on April 17, 2012, over fourteen years after his judgment of sentence became final.  Through this petition, he advanced what he termed a newly-recognized right under the Confrontation Clause that would provide him with an exception to the PCRA time-bar under Section 9545(b)(1)(iii).  Specifically, he argued that this Court's decision in ***Commonwealth v. Barton-Martin***, 5 A.3d 363 (Pa. Super. 2010) required reversal of the trial judge's exclusion of a purported statement by the store owner's wife offered to a reporter that she could not identify the perpetrator because she was in the back of the store during the incident.  On July 5, 2012, the PCRA court issued its notice of intention to dismiss pursuant to Pa.R.Crim.P. 907.  Appellant filed a response on July 20,

_____

[2]   The considerable delay between the date of verdict and the date of sentencing was apparently due to repeated defense requests for continuances to the filing of post-verdict motions, as well as changes of counsel.

2012.   On August 2, 2012, the PCRA court entered its order dismissing

Appellant's fourth PCRA petition as untimely.  This timely appeal followed.[3]

Appellant raises the following issue for our review:

**I.   DID THE HONORABLE PCRA COURT ERR WHEN IT DISMISSED THE DEFENDANT'S PCRA PETITION WITHOUT HOLDING AN EVIDENTIARY HEARING?**

Brief of Appellant at 3.

Essentially, Appellant contends the PCRA court erred in dismissing his

petition as untimely because his claim came under the newly recognized

constitutional right exception to the PCRA time-bar.  42 Pa.C.S.A. §

9545(b)(1)(iii).  We disagree.

> This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett****, 5 A.3d 1260, 1267 (Pa. Super.2010) (citations omitted).  "In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Id**.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii).  When a petitioner alleges and proves that one of these exceptions is

---

[3]  Appellant filed his notice of appeal on July 23, 2012, prior to the court's August 2, 2012 order.  Pa.R.A.P. 905(a)(5) provides, in pertinent part, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."

met, the petition will be considered timely. ***See Commonwealth v. Gamboa–Taylor****,* 562 Pa. 70, 753 A.2d 780, 783 (2000).  A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." ***Id****.* (quoting 42 Pa.C.S.A. § 9545(b)(2)). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson****,* 575 Pa. 500, 837 A.2d 1157, 1161 (2003).

**Commonwealth v. Brandon,** 51 A.3d 231, 233 -234 (Pa. Super. 2012).

Here, Appellant's judgment of sentence became final on Wednesday, October 29, 1997, when his time to file an appeal to the Pennsylvania Supreme Court expired. ***See Commonwealth v. Wilson***, 824 A.2d 331 (Pa. Super. 2003); 42 Pa.C.S.A. § 9545(b)(3). Pa.R.A.P. 1113 (providing appellant has 30 days to seek review with the Pennsylvania Supreme Court). Therefore, pursuant to Section 9545(b)(1) of the PCRA, Appellant was required to file the present PCRA petition within one year of October 29, 1997 in order for his petition to meet the jurisdictional timeliness requirements of the PCRA.  He filed it on April 17, 2012, over fourteen years after his judgment of sentence became final.  As such, his petition is patently untimely and he is afforded no relief unless he pleads and proves one of the exceptions to the time-bar at Section 9545(b).

To that end, Appellant claims the Pennsylvania Superior Court's decision in ***Barton-Martin***, ***supra***, created a newly recognized constitutional right as contemplated in Section 9545(b)(1)(iii) through its retroactive application of the decision in ***Melendez–Diaz v.***

- 4 -

*Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527 (2009).[4]  We rejected this very argument in *Brandon*, *supra*, wherein we clarified that Section 9545(b)(1)(iii) contemplates that the decision recognizing a new constitutional right must come from either the Pennsylvania Supreme Court or the United States Supreme Court, and *Barton-Martin* is a Superior Court decision.   Nor does *Barton-Martin* even recognize a new constitutional right, we continued, noting "it simply applies the previously announced ruling articulated by the U.S. Supreme Court in *Melendez–Diaz*." *Brandon*, 51 A.3d at 236.

Presumably, Appellant attempts to invoke the *Crawford/Melendez-Diaz* holdings through our *Barton-Martin* decision because, had we accepted this use of *Barton-Martin*, Appellant would have met Section 9545(b)(2)'s requirement that a petitioner raise a claim of a newly-recognized constitutional right within 60 days of the date the claim could have been presented.   This Court filed its decision in *Barton-Martin* on

_____

[4] In *Melendez-Diaz*, the U.S. Supreme Court held that under its prior decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004) (holding Confrontation Clause bars out-of-court witness statements of testimonial nature unless witness is unavailable and defendant had prior opportunity to cross-examine) a witness' testimony against a defendant is inadmissible unless the witness appears at trial or, if the witness is demonstrated to be unavailable, the defendant had a prior opportunity for cross-examination.

September 8, 2010, during the pendency of Appellant's fourth PCRA petition. Under **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585 (2000), a pending PCRA petition tolls the 60-day filing requirement provided in Section 9545(b)(2).  Only when Appellant's fourth petition was finally resolved on March 16, 2012, therefore, would the 60-day clock have commenced against him, making his filing of the present PCRA petition, thirty days later, timely. Nevertheless, given our jurisprudence that a Superior Court decision may not supply the newly-recognized right exception under Section 9545(b)(1)(iii), Appellant is bound to his failure to claim an after-recognized right within 60 days of either **Crawford**, decided in 2004, or **Melendez-Diaz**, decided in 2009, despite having had the opportunity to do so.

Appellant attempts to avoid this determination by arguing he only first learned of **Crawford** and **Melendez-Diaz** less than 60 days prior to filing the present PCRA petition.  Even if we were to accept Appellant's assertion as true, we have previously held:

> "the sixty-day period begins to run upon the date of the underlying judicial decision." **Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa. Super. 2007).  Ignorance of the law does not excuse [a petitioner's] failure to file his petition within the 60 days following the [underlying] decision [].  **Commonwealth v. Baldwin***, 789 A.2d 728, 731 (Pa. Super. 2001).  "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." **Id**.

**Brandon***, 51 A.3d at 235.  It is irrelevant, therefore, that Appellant may have filed this PCRA petition within 60 days of when he first *learned* of the decisions he now invokes.  The 60-day period of Section 9545(b)(2)

commenced, instead, upon the filing date of the underlying decisions. The only exception to this rule—wherein a pending PCRA petition with the courts tolls the 60 day period—did not apply in Appellant's case with either **Crawford** or **Melendez-Diaz**. Accordingly, we conclude Appellant's claim that his fifth PCRA petition qualified for an exception to the PCRA's time-bar is devoid of merit.

Order affirmed.

Judgment Entered.

Prothonotary

Date: 4/24/2013