# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT CAMPFIELD,<br>    Plaintiff<br><br>v.<br><br>DETECTIVE RAYMOND DOUGHERTY,<br>et al.,<br>    Defendants | CIVIL ACTION<br>NO: 18-3696 |

## <u>MEMORANDUM</u>

Jones, II. J.                                                                                                            July 19, 2019

### I.    Introduction

Plaintiff Lamont Campfield, an inmate at the State Correctional Institution in Huntingdon, Pennsylvania, filed this *pro se* civil rights action against Philadelphia Detective Raymond Dougherty, Philadelphia Detective William Schol, Philadelphia Detective Michael Cahill, Philadelphia Detective Chester Koninski, Philadelphia Police Officer Demetrius Beasley, Philadelphia Police Officer Dave Hunter, the Philadelphia Police Department ("Police Defendants"), Philadelphia Assistant District Attorney Hugh Colihan, Philadelphia Assistant District Attorney Ann Ponterio, and the Philadelphia District Attorney's Office ("DAO Defendants") (collectively "Defendants") in connection with his 1991 arrest and subsequent conviction for, among other things, the murder of Philadelphia store owner named Kam Shing Yeung. (Compl.[1] ¶¶ 1-16, DAO Defs.' Mot. Dismiss Ex. A, 2.) In response to Plaintiff's Complaint, Defendants filed the instant Motions to Dismiss for failure to state a claim. For the reasons set forth herein, Defendants' Motions to Dismiss shall be granted and Plaintiff's Complaint shall be dismissed with prejudice.

---

[1] Plaintiff's Complaint is included as Exhibit A of Defendants' Removal Notice. (ECF No. 1, 13.)

## II. Background[2]

> On May 15, 1991 at about 2:30 A.M., [Plaintiff] and two friends were engaged in consuming drugs. One or two trips were made out of the house to purchase more drugs. After these purchases, they ran short of money and they also ran out of cigarettes. [Plaintiff] volunteered to go out and get more cigarettes and left the house, carrying with him a hand-gun. [Plaintiff] went to a store at 2512 Ridge Avenue in the City and County of Philadelphia which was in the process of closing at that time. The store was owned by Kam Shing Yeung, a 40 year old man. Also at closing time was Kam Yeung Siu, the wife of the proprietor[,] and their eight month old baby [who] she was carrying in a back-pack. As soon as [Plaintiff] entered the store, he struck the woman in the face twice with this gun and she[,] along with the baby, fell to the floor. [Plaintiff] then turned and shot the owner in the course of committing a robbery of the store.

(DAO Defs.' Mot. Dismiss Ex. A, 2 (quoting Trial Court Opinion at 1-2)). Shortly thereafter, Police Defendants arrested Plaintiff. (Compl. ¶ 16.) Plaintiff was subsequently convicted of assault, reckless endangerment, murder, and robbery, and sentenced to life imprisonment. (Pl.'s Philadelphia County Court of Common Pleas Court Summary 4-5.) Plaintiff appealed his conviction, which the Superior Court affirmed. *Commonwealth v. Campfield*, 704 A.2d 1115 (Pa. Super. Ct., Sep. 29, 1997). Plaintiff sought post-conviction relief six times without success. *Commonwealth v. Campfield*, 200 A.3d 597 (Pa. Super. Ct., Apr. 24, 2018). He now seeks relief in federal court under 42 U.S.C. § 1983.

Plaintiff's Complaint refers to Pennsylvania's Declaratory Judgment Act, 42 Pa.C.S. § 7531, and Pennsylvania's Abuse of Office Statute, 18 Pa.C.S. § 5301. (Compl. ¶¶ 23, 32,[3] 33.) However, his express and implied references to violation of his Constitutional rights at the hands

---

[2] All background information is derived from Plaintiff's Complaint and from public records furnished by Defendants.
[3] Paragraph 32 refers to Pa.C.S. § 5310, but the context makes clear Plaintiff intended to refer to 18 Pa.C.S. § 5301. This Court therefore concludes he inadvertently transposed the "0" and the "1" in his first reference to 18 Pa.C.S. § 5301.

2

of public officials indicates he seeks redress for alleged violations of such rights, which Defendants liberally and properly construe as prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Police Defs.' Mot. Dismiss 2; DAO Defs.' Mot. Dismiss 3-4.) Plaintiff's Complaint alleges, in conclusory fashion, he was the victim of baseless, unlawful arrest, malicious, perjury-ridden prosecution, conspiracy, and official oppression.

Plaintiff alleges his prosecution was flawed in the following ways:

- he was erroneously considered to be carrying a firearm at the time of his arrest (Compl. ¶ 19);
- the murder victim was killed with a .38 caliber pistol but Plaintiff's gun was a .32 caliber pistol (Compl. ¶ 18);
- Police Defendants coerced a witness into saying Plaintiff committed the murder for which he was convicted (Compl. ¶¶ 21, 28, 39);
- Police Defendants coached an interpreter to say that Mr. Yeung's wife said Plaintiff shot her husband (Compl. ¶ 26); and,
- Police Defendants threatened to take Plaintiff's wife's children from her if she did not say that Plaintiff told her he killed Mr. Yeung (Compl. ¶ 25).

Plaintiff alleges these errors amount to violations of his civil rights, and Defendants' conduct in committing said errors was knowing, reckless, wanton, outrageous, and malicious. (Compl. ¶¶ 30-31, 37.) Plaintiff maintains he is totally innocent (Compl. ¶¶ 29, 38), and claims he has suffered emotional distress and mental anguish as a result of Defendants' conduct (Compl. ¶ 37). Plaintiff specifically seeks equitable relief in the form of a declaratory judgment that his Constitutional rights were violated and a hearing at which he may undermine his conviction. (Compl. ¶¶ 23, 39.)

**III. Standard of Review**

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). "A pro se complaint must be liberally construed and … can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wyche v. City of Phila.*, CIVIL ACTION NO. 15-3900, 2016 U.S. Dist. LEXIS 30671, *3, (E.D. Pa. March 10, 2016) (citing *Estelle v. Gamble*, 429 U.S. 97, 97 (1976)) (internal citations and quotations omitted). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Phillips*, 515 F.3d at 233 (internal quotation marks and citation omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

## IV. Discussion

### A. § 1983 and Malicious Prosecution

Like Defendants, this Court liberally construes Plaintiff's Complaint as bringing claims under the Civil Rights Act, 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Such claims, however, are not cognizable if they seek to invalidate a plaintiff's underlying conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).[4] The nature of Plaintiff's allegations and the relief Plaintiff requests betray the fact that he seeks to invalidate his underlying conviction through a § 1983 suit and, as such, his claims are not cognizable. *Id*. This Court also liberally construes Plaintiff's Complaint as attempting to state a claim for malicious prosecution. Pennsylvania malicious prosecution law likewise does not provide relief absent favorable termination in underlying proceedings. *McKibben v. Schmotzer*, 700 A.2d 484, 492 (Pa. Super. 1997). Plaintiff did not plead, let alone show, invalidity of his underlying conviction. As such, his § 1983 and malicious prosecution claims are dismissed.

---

[4] "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)

### B. Official Capacity Suits and Municipal Department Suits

Because Plaintiff specifically identifies the individual Officers and Detectives and the Assistant District Attorneys in the context of their official employment and refers to their professional duty, this Court construes his claims against each of them as claims against them in their official capacities. "Official-capacity suits[] . . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Here, Plaintiff's claims against Philadelphia Officers and Detectives and Assistant District Attorneys in their official capacities are therefore claims against the City. Likewise, Plaintiff's claims against the Philadelphia Police Department and Philadelphia District Attorney's Office are claims against the City since municipal departments do not have a separate corporate existence. *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 377 (E.D. Pa. 1995).

A municipality or local government entity, however, is not liable under § 1983 based solely on an allegation that an employee of that entity committed a constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). Rather, a municipality or local government entity is only liable under § 1983 if a policy or custom of that entity caused the constitutional violation in question. *Id.* at 694. A plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Nothing in Plaintiff's Complaint suggests that the claimed constitutional violations stemmed from a municipal policy or custom. Thus,

Plaintiff's claims against all Defendants are also barred by his failure to show an unconstitutional policy or custom on the part of the City. *Id*.

## C. Federal Pleading Standards

Though courts must liberally construe the claims of a *pro se* litigant, *Wyche*, 2016 U.S. Dist. LEXIS 30671 at *3, when asserting a cause of action pursuant to 42 U.S.C. § 1983, even a *pro se* litigant may not rely on vague and conclusory allegations, but instead "must set forth with factual specificity the conduct of defendants alleged to have harmed the plaintiff." *Darr v. Wolfe*, 767 F.2d 79, 80-81 (3d Cir. 1985); *see also Rivera v. Chester Cnty.*, CIVIL ACTION NO. 15-5609, 2017 U.S. Dist. LEXIS 45755, at *8 (E.D. Pa. March 28, 2017) ("even a *pro se* complaint must conform with the [pleading] requirements"). Plaintiff alleges malicious prosecution with sporadic particularity, but said claim is dismissed for the reasons given above. *See supra*, section VI.A. Otherwise his Complaint consists solely of conclusory, "the-defendant-unlawfully-harmed-me accusations." *Iqbal*, 556 U.S. at 678. As such, were his extra-malicious-prosecution claims not otherwise non-cognizable, they would be dismissed for failure to satisfy the federal pleading standard. *See Id*.

## D. Invoked State Statutes

Plaintiff's Complaint invokes Pennsylvania's Declaratory Judgment Act, 42 Pa.C.S. § 7531. Such action is appropriate "where there is imminent … litigation." *Berwick Twp. v. O'Brien*, 148 A.3d 872, 881 (Pa. Commw. 2016). "[A]ction brought under the [Declaratory Judgment Act] must allege an interest by a party seeking relief that is direct, substantial and present and must show the existence of an actual controversy related to the invasion or a threatened invasion of one's legal rights." *Id*. Plaintiff here does not seek to resolve a present controversy or vindicate any legal rights that he currently enjoys. He has not shown any

imminent, actual controversy or present interest. Rather, he attempts to resurrect a controversy that was resolved more than two decades ago. As such, Pennsylvania's Declaratory Judgment Act is not applicable and Plaintiff's attempt to invoke it shall be dismissed.

Plaintiff's Complaint also invokes Pennsylvania's Abuse of Office Statute, 18 Pa.C.S. § 5301, which criminalizes knowing infringement of a person's personal or property rights by public officials acting or purporting to act in their official capacity. 18 Pa.C.S. § 5301. Although conduct prohibited by Pennsylvania's Abuse of Office Statute may be civilly redressable, the Statute itself is a criminal statute that does not provide a private cause of action. *D'Errico v. DeFazio*, 763 A.2d 424, 430 (Pa. Super. 2000 ). As such, Plaintiff may not establish a cause of action on Pennsylvania's Abuse of Office Statute and his attempt to do so shall be dismissed.

## V. Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss are granted. Normally, when justice so requires, leave to amend should be freely given. Fed. R. Civ. P. 15(a). However, because Plaintiff's underlying conviction bars him from obtaining the relief he seeks, this Court concludes amendment would be futile and dismisses Plaintiff's claims with prejudice. *See Wagner v. Unemployment Comp. Bd. of Review*, 550 F. App'x 99, 100 (3d Cir. 2014); *Abuhouran v. SSA*, 291 F. App'x 469, 472 (3d Cir. 2008).

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II     J.